## Case No. 15,916.

### UNITED STATES v. OKIE.

[5 Blatchf. 516.] [1]

Circuit Court, S. D. New York. Nov. 19, 1867.

OFFENCES AGAINST POSTAL LAWS—EMBEZZLEMENT —INDICTMENT.

1. An averment, in an indictment, under the 12th section of the act of July 1, 1864 (13 Stat. 337), for embezzling and destroying a letter containing money, which had come into the possession of the defendant as dead-letter clerk in the post-office at New York, that the letter was intended to be conveyed by post, and that it was a letter addressed and directed to a person named, at Philadelphia, is not an averment that the letter was intended to be conveyed by post from New York to Philadelphia.

2. It is not necessary to aver, in such indictment, that the letter embezzled was intended to be conveyed to any particular place, an averment that it was intended to be conveyed by post being sufficient.

[Approved in U. S. v. Laws, Case No. 15,579.]

3. Nor is any averment as to the ownership of the money necessary, in such indictment.

This was a motion in arrest of judgment, and for a new trial. The defendant [Benjamin F. Okie] was indicted, under the 12th section of the act of July 1st, 1864 (13 Stat. 337), for embezzling and destroying a letter containing money, which had come into his possession as dead-letter clerk in the post-office at the city of New York, and was found guilty.

Benjamin K. Phelps, Asst. U. S. Dist. Atty.

Robert D. Holmes and Edward D. McCarthy, for defendant.

BENEDICT, District Judge. The first point taken is, that the indictment charges the embezzlement of a letter intended to be conveyed by post from New York to Philadelphia, whereas the evidence showed that the letter, although mailed in New York, and addressed and directed to Francis Keyser at Philadelphia, was deposited without prepayment of postage, with the intention of having it go through the hands of the defendant, on its way to the dead-letter office in Washington, where it must by law be sent, because the postage was not prepaid. This position is based upon an erroneous reading of the indictment. There is no averment in the indictment that the letter in question was

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

intended to be conveyed from New York to Philadelphia. The averment is, that the letter was intended to be conveyed by post, without fixing the termini of the conveyance. In the latter part of the indictment, it is averred, that the letter "was addressed, directed to one Francis Keyser, at the city of Philadelphia." This is, however, a mere description of the letter, not of the intent as to its conveyance.

But it is urged, that, if this be so, then the indictment must be held defective for omitting to designate any place to which the letter was to be conveyed; and the case of U. S. v. Foye [Case No. 15,157], is cited as authority. The decision in that case does not sustain the position. All that was decided in that case was, that, when the indictment does designate the place to which the letter is to be conveyed, the proof must conform to the averment. In that case, the averment was, that "a letter addressed to John Blake, Ipswich, was mailed, to be conveyed by post to the town of Ipswich aforesaid"—a very different averment from that in the present case. Furthermore, that case arose under the act of March 3d, 1825 (4 Stat. 102), while this case is under the act of July 1st, 1864 (13 Stat. 337), which differs from the former act in this, that it provides, that "the fact that any such letter * * * shall have been deposited in any post-office * * * or in charge of any postmaster, assistant postmaster, clerk, carrier, agent or messenger, employed in the post-office establishment of the United States, shall be taken and held as evidence that the same was intended to be conveyed by post, within the meaning of this statute." Whatever may have been necessary under the act of 1825, it is quite clear, under this provision of the act of 1864, that, inasmuch as it is not necessary to prove more than the fact of the deposit of the letter in a post-office, or in charge of a post-office agent, it cannot be necessary to aver that it was intended to be conveyed to any particular place. The averment, in the words of the statute, that the letter was "intended to be conveyed by post," is sufficient, if indeed it was necessary to state more than that it was a letter deposited in the post-office, or in charge of a post-office clerk.

The only remaining point urged in behalf of the prisoner is, that the indictment is fatally defective in omitting to lay the ownership of the money in the letter, as being in some other person than the accused. As to this, it is sufficient to say, that the offence created by the act and charged in the indictment, is the embezzlement and destruction of a letter of a certain description, to wit, containing money. The gist of the offence is the taking and destroying the letter, not the converting of the money in the letter. Larceny of money in a letter is elsewhere in the statute made a separate offence, but that is not the charge made here. In this provision of the statute, the taking of the money is not made

an element of the crime, and, therefore, no averment as to its ownership is necessary.

The motion must, accordingly, be denied, and judgment be entered on the verdict.